No. 22,384.

A. W. EAGAN, *Appellee*, v. THE NORTH PACIFIC FRUIT DISTRIBUTORS, *Appellant*.

### SYLLABUS BY THE COURT.

SALES—*Breach of Contract—Measure of Damages.* The proceedings considered, and held that various defenses to the action were not sustained by the evidence, and that the measure of damages invoked by the defeated party was applied.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 10, 1920. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*F. L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a wholesale produce dealer to recover damages from a fruit distributing company for breach of a contract to sell four cars of Idaho Italian prunes. The plaintiff recovered, and the defendant appeals.

The plaintiff's business is conducted at Hutchinson, Kan., and his orders for the prunes were taken by the defendant's agent, a produce broker residing at Wichita, Kan. Two orders were taken, one for two cars of prunes in crates, at 75 cents f. o. b. shipping point, and one for two cars of prunes in boxes, at 50 cents f. o. b. shipping point; shipping date as soon as ready. The orders were accepted on August 9 and August 11, 1917, subject to "short crop, which may prevent filling same." The shipping season embraced substantially the month of September. Soon after acceptance of the plaintiff's order, the market price of prunes advanced. The advanced price was maintained until the very close of the season, and the plaintiff's

orders were never filled. About September 5 the plaintiff's competitors in business at Hutchinson commenced to receive cars of Idaho Italian prunes, and continued to receive them until about October 1. One of the plaintiff's competitors received fifteen cars between September 8 and September 29, and another received fifteen cars in September; but the plaintiff received none. He wired the defendant several times, but received no answer. He had resold the fruit, and his customers were demanding deliveries. Besides losing his prune trade, he was losing other business. On September 19 he sent the defendant the following telegram, which was not acknowledged or answered: "Ship one car of crate prunes quick. Cancel balance order." On September 27 he sent the defendant another telegram, as follows: "We ordered one car of basket prunes shipped, and to cancel balance order. Must have one car quick. Please answer our wires." This telegram was not acknowledged or answered; but on the same day the defendant advised its agent that it was impossible to deliver the plaintiff's prunes, on account of his refusal of some apples. On September 28 the agent notified the plaintiff no prunes would be furnished him, and on the same day he commenced his action. Afterwards the defendant tendered the plaintiff a car of prunes and apples, which the plaintiff refused to accept unless the defendant paid the costs of the action. This the defendant declined to do.

There were several paper defenses. It was alleged that the defendant could not fill the plaintiff's orders because the Idaho prune crop was short and late. This explanation of the defendant's conduct was short and late, and the court's determination of the issue in the plaintiff's favor is well supported by the evidence.

It was alleged that the plaintiff canceled his orders except for one car. The plaintiff's propositions to cancel for quick shipment of one car were not acknowledged or accepted, and at practically the end of the season the entire order was turned down, not because the plaintiff had canceled, and not because the crop was short and late.

It was alleged that the suit was prematurely brought, because the late season had not closed, and the defendant still had time to fill the plaintiff's orders. In view of the defend-

ant's flat refusal to fill the orders at all, this defense probably caused the court no perplexity.

The plaintiff had resold the prunes at a profit of 15 cents above the advance in market price, which was 15 cents, and consequently would have realized a profit of 30 cents per box if the prunes had been delivered. There are about 1,000 boxes to a car. The damages amounted to $300 per car, and the plaintiff sued for $1,200. The court gave judgment for $600. The defendant says the measure of damages was the difference between the contract price and the market price at place of delivery when the plaintiff was notified the contract would not be filled. That appears to have been the measure of damages which the court adopted. The price of prunes was the subject of testimony. The plaintiff's agent testified to an advance, maintained until the close of the season. While it was not so stated, the reference was to an advance in distributors' prices at Idaho shipping points, or market price to distributees like the plaintiff. The plaintiff, testifying concerning the advance in price, said it was 15 cents per box. While the plaintiff used the term "box," he was referring to his order of four cars, and the unit quantity on which price was made was plainly intended. If the court had meant to allow special damages by way of profits, it would have given judgment for the entire profit, 30 cents in all, as sued for; consequently, the measure of damages contended for by the defendant must have been applied.

The judgment of the district court is affirmed.